**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**TIMOTHY LEE HOLT**                                                           **PETITIONER**
**ADC #099686**

**V.**                   **CASE NO. 5:18-CV-59-DPM-BD**

**WENDY KELLEY, Director,**                                     **RESPONDENT**
**Arkansas Department of Correction**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Any party to this suit may file written objections with the Clerk of Court within 14 days of the date of this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

By not objecting, the right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.**     **Background:**

A Pulaski County, Arkansas jury convicted Timothy Holt of aggravated residential burglary, aggravated robbery, Class B felony theft of property, and Class C misdemeanor fleeing. *Holt v. State*, 2014 Ark. App. 74, at 1. He was found to have used a firearm in committing the felony offenses and was sentenced as a habitual offender to a 60-year term in the Arkansas Department of Correction ("ADC"). *Id*. (#1 at 1)

Mr. Holt appealed his conviction and sentence to the Arkansas Court of Appeals, which affirmed. *Id*. at 5. The appellate mandate issued on February 19, 2014.[1] *See* "CourtConnect" on the Arkansas Judiciary's homepage (https://caseinfo.arcourts.gov/cconnect/).

Mr. Holt filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure with the trial court on April 16, 2014, and a second petition on April 24, 2014. (#6-2, #6-3) Also on April 24, 2014, Mr. Holt filed a petition for leave to proceed *in forma pauperis*, in which he represented to the court that he was proceeding *pro se* in his post-conviction proceeding (#6-4), and a motion for transcript (#6-5). The trial court dismissed Mr. Holt's petition for post-conviction relief on December 2, 2015, because the petition did not comply with the verification requirements. See ARK. R. CRIM P. 37.1(c). (#6-6)

Mr. Holt filed a notice of appeal of the denial of Rule 37 relief on January 27, 2016. (#6-7) In the notice, he stated that he had received the order dismissing his petition for post-conviction relief on December 23, 2015. (*Id*. at 1)

On April 21, 2016, the Arkansas Supreme Court notified Mr. Holt that it could not lodge the record on appeal because he had not filed a timely notice of appeal, that is,

---

[1] Mr. Holt sought rehearing, but his petition was submitted after the appellate mandate issued on February 19, 2014, and his rehearing petition was returned to him. *See* "CourtConnect" on the Arkansas Judiciary's homepage (https://caseinfo.arcourts.gov/cconnect/).

within 30 days of the date the order was entered, as required by the court's procedural rules. (#6-8)

Seven months later, on November 28, 2016, Mr. Holt filed a motion for leave to file a belated appeal. (#6-9) He attached an affidavit from Michael Glover to his motion claiming, for the first time, that Mr. Glover had hired counsel to appeal the court's denial of his Rule 37 petition. (#6-9 at 12-13) The Arkansas Supreme Court denied the motion on February 23, 2017. (#6-10)

### III. Petitioner's Claims:

Over a year after the Arkansas Supreme Court denied Mr. Holt's motion to file a belated appeal, he filed a petition for writ of habeas corpus with this Court. In the petition, Mr. Holt claims his counsel was ineffective: (1) for allowing perjured testimony at a suppression hearing; (2) for failing to investigate the state's case and require the State to turn over a taped witness statement; (3) for failing to request the presence at trial of the police officer who searched him after his arrest and inventoried his possessions; and (4) for failing to request a mistrial after a police witness perjured himself. (#2 at 3-7)

Director Kelley has responded to the petition. (#6) She argues that the petition is barred by the applicable statute of limitations, or, alternatively, that Mr. Holt procedurally defaulted his claims.

### IV. Statute of Limitations:

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas

corpus petition. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, the limitations period begins to run from the latter of, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." *Id*.

The Arkansas Court of Appeals decided Mr. Holt's direct appeal on January 29, 2014, and his time to seek review of the decision in the Arkansas Supreme Court expired eighteen days later, on February 16, 2014. ARK. SUP. CRT. R. 2-4(a). Mr. Holt did not seek review from the Arkansas Supreme Court, and the Court of Appeals issued its mandate on February 19, 2014.

The one-year federal statute of limitations began to run for Mr. Holt on February 17, 2014, the day after the time expired for seeking review of the decision by the Court of Appeals in his direct appeal. See *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (the judgment becomes "final" on the date that the time for seeking review expires). Although the limitation period expired on February 17, 2015, Mr. Holt did not file his petition until March 2, 2018, over three years after the statute of limitations had expired. Mr. Holt's petition is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

    A. *Tolling*

The statute provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. §2244(d)(2). Further, the limitations period is subject to equitable tolling if a petitioner is able to show that he pursued his rights diligently, but some extraordinary circumstances stood in his

4

way and prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Mr. Holt did file a state petition for post-conviction relief, but the trial court found that the petition was not properly filed because it was not verified. (#6-6) Mr. Holt attempted to appeal; however, the Arkansas Supreme Court could not lodge the record on appeal, because Mr. Holt had not filed a timely notice of appeal, that is, within 30 days of the date the order was entered, as required by the court's procedural rules. (#6-8) Mr. Holt then filed a motion for leave to file a belated appeal, claiming that his retained counsel had not filed his appeal in a timely manner. (#6-9) The Arkansas Supreme Court, however, denied the motion. (#6-10)

If a state court finds that a motion fails to comply with filing requirements, that motion is not "properly filed," regardless of whether those filing requirements are firmly established and regularly followed. *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) (unverified Rule 37 petition was not properly filed for purposes of tolling the limitations period) (citing *Walker v. Norris,* 436 F.3d 1026 (8th Cir. 2006)). Because none of Mr. Holt's attempts at post-conviction relief with the State courts were properly filed, he is not entitled to statutory tolling.

Mr. Holt claims that he hired a lawyer to represent him in his state post-conviction proceedings and, because his post-conviction counsel was ineffective for filing a procedurally defaulted brief and because his counsel "abandoned him," he is entitled to equitable tolling. (#2 at 8-9)

5

This argument fails. First, Mr. Holt's assertion that he was represented by counsel during state post-conviction proceedings is contrary to representations Mr. Holt made to the State trial and appellate courts indicating that he was proceeding *pro se*. (#6-2 at 1, #6-3 at 4, 7, #6-4 at 1-2, #6-5 at 1)

But even assuming Mr. Holt was represented by counsel in his state post-conviction proceedings, an attorney's conduct, such as excusable neglect or simple miscalculation of a filing deadline, does not warrant equitable tolling. *Holland*, 560 U.S. at 651–52 (2010). The Court of Appeals for the Eighth Circuit has recognized, however, that, in extraordinary circumstances, behavior on the part of a state post-conviction attorney in handling a client's proceeding may warrant equitable tolling, See, *e.g. U.S. v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005) (extraordinary circumstances existed to apply equitable tolling because petitioner's attorney consistently lied to the petitioner and his wife about the filing deadline and the status of petitioner's case; refused to communicate with the petitioner or his family; neglected to file any documents, belated or not, on the petitioner's behalf; and failed to return any of the petitioner's paperwork to him despite repeated requests and then demands); but see *e.g. Muhammad v. U.S.*, 735 F.3d 812, 814-16 (8th Cir. 2013) (rejecting petitioner's claim that his reliance on counsel's promise that she would file a post-conviction motion on his behalf warranted equitable tolling). Mr. Holt has not offered evidence of the type of extraordinary behavior on the part of his alleged post-conviction counsel that warrants equitable tolling.

Additionally, Mr. Holt did not diligently pursue his claim as required for equitable tolling to apply. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (quotations and citations omitted).

There is no dispute that Mr. Holt was aware in December, 2015, that the court had dismissed his Rule 37 petition because it was not properly verified, but he nonetheless failed to file a timely notice of appeal. Additionally, he failed to move to file a belated appeal in a timely manner. Finally, after his untimely motion to file a belated appeal was denied, he waited over a year to file a federal habeas petition. Mr. Holt has not used reasonable diligence in pursuing his rights. See *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (petitioner who waited five months after the judgment of conviction became final to file his petition was not reasonably diligent); *Nelson*, 618 F.3d at 893 (waiting nine months after denial of petition for rehearing to file habeas petition was not reasonable diligence).

B. *Actual Innocence*

The United States Supreme Court has held that actual innocence, if proved, also serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and noted that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have

voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" that was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011), *cert. denied*, 568 U.S. 838 (2012). Here, Mr. Holt has not come forward with new evidence of actual innocence so as to overcome the expiration of the statute of limitations.

## V. **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Holt has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Holt has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## VI. **Conclusion:**

Mr. Holt's petition is time barred. Accordingly, the Court recommends that his petition for writ of habeas corpus (#2) be DISMISSED with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 6th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Case 5:18-cv-00059-KGB   Document 8   Filed 07/06/18   Page 9 of 9